[Cite as *State v. Syvilaylack*, 2023-Ohio-3033.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | JUDGES: |
| | : | | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | | Hon. Patricia A. Delaney, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| THOUY SYVILAYLACK, | : | | Case No. 2022 CA 00043 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:                    Appeal from the Fairfield County
                                           Court of Common Pleas, Case No.
                                           2021-CR-00348

JUDGMENT:                                  Affirmed

DATE OF JUDGMENT:                          August 28, 2023

APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

R. KYLE WITT                               SCOTT P. WOOD
Fairfield County Prosecuting Attorney      Conrad/Wood
                                           120 E. Main Street, Suite 200
By: BRIAN T. WALTZ                         Lancaster, Ohio 43130
Assistant Prosecuting Attorney
239 West Main Street, Suite 101
Lancaster, Ohio 43130

*Baldwin, J.*

**{¶1}** Appellant Thouy Syvilaylack appeals the decision of the trial court denying his motion to suppress. Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND THE CASE

**{¶2}** In October of 2020, the Franklin County Sheriff's Office Special Investigations Unit received an anonymous tip that an individual, "C.L.", was in possession of marijuana plants. Detective James Jodrey investigated further, and located C.L.'s Facebook profile. Detective Jodrey communicated with C.L. through Facebook, and purchased marijuana from C.L. on at least two occasions.

**{¶3}** On September 2, 2021, C.L. offered to sell Detective Jodrey one pound of marijuana and two ounces of cocaine for $5,400.00. Special Investigations Unit detectives had established surveillance of C.L.'s house, and just after C.L. offered to sell Jodrey the aforementioned drugs, they observed a male meet briefly with C.L. outside his residence, enter C.L.'s residence, and then exit approximately one minute later. Detectives then observed the male enter the residence next door to C.L., and observed C.L. enter a car. Approximately one minute later, Detective Jodrey received a text from C.L. stating that he "was leaving now" in order to meet with Jodrey to complete the drug sale. C.L. was taken into custody at the meeting location, at which time he was in possession of three ounces of cocaine, approximately one and one-half pounds of marijuana, some THC edibles, and a firearm.

**{¶4}** C.L. told detectives that his neighbor "Tony", later identified as the appellant, was the source of the marijuana and cocaine he was selling, and that the appellant belonged to an organized crime network that also trafficked in firearms, which C.L. had

personally observed. Detectives investigated further and located a photograph of the appellant, whom C.L. identified as his drug supplier. Based upon this information, Detective Jodrey applied for a search warrant for the appellant's residence. The search warrant was based upon a detailed affidavit executed by Detective Jodrey that outlined the basis for the requested search warrant, including the information provided by C.L. and the detectives' subsequent investigation substantiating the same. The trial court issued the search warrant, which was executed the same day. Evidence was seized, providing the basis for criminal charges against the appellant.

{¶5}　On September 9, 2021, the appellant was indicted on the following: count one, possession of cocaine in violation of R.C. 2925.11, with firearm, major drug offender, and forfeiture specifications, a felony of the first degree; count two, aggravated possession of drugs in violation of R.C. 2925.11, with firearm and forfeiture specifications, a felony of the second degree; count three, having weapons while under disability in violation of R.C. 2923.13, with a forfeiture specification, a felony of the third degree; and, resisting arrest in violation of 2921.33, a misdemeanor of the second degree.[1] On September 21, 2021, the appellant pleaded not guilty to the charges.

{¶6}　On August 11, 2022, the appellant filed a motion to suppress any and all evidence obtained by law enforcement, arguing that the affidavit upon which the warrant was based lacked sufficient probable cause, and therefore the seizure of property violated the appellant's constitutional rights. On August 29, 2022, the trial court held a hearing on the motion to suppress. No testimony was offered, and the parties agreed that the search

---

[1] A superseding indictment was filed on October 13, 2022, which was subsequent to the trial court's ruling on the suppression issue and has no bearing on our analysis herein.

warrant and accompanying affidavit would be submitted under seal for the trial court's review.

{¶7} On September 28, 2022, the trial court issued a judgment entry denying the appellant's motion to suppress. The trial court specifically found that the warrant clearly set forth that an informant identified the appellant, who lived next door to the informant, as the source of the marijuana and cocaine he attempted to sell to Detective Jodrey, and that detectives corroborated the information provided by the informant. The trial court held that "taking into account all the circumstances set forth in the affidavit provided by Detective Jodrey, the Court finds there was sufficient probable cause for the issuance of the warrant." The trial court found further that "Detective Jodrey acted in good faith in obtaining and executing the search warrant." Finally, the trial court found that the search warrant was not overbroad, and that "the affidavit set forth evidence of drug trafficking which would support a warrant for the items listed in the affidavit as likely to be found in the possession of someone possessing and/or trafficking in drugs." The trial court examined the four-corners of the affidavit, determined that it supported the issuance of the search warrant, and denied the appellant's motion to suppress.

{¶8} The appellant subsequently pleaded no contest, and was given a mandatory sentence of 12 to 17 ½ years in prison.

{¶9} The appellant filed a timely appeal in which he sets forth the following sole assignment of error:

{¶10} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE SEIZED BY LAW ENFORCEMENT PURSUANT TO A SEARCH WARRANT."

{¶11} The appellant argues that the affidavit submitted in support of the search warrant was not supported by sufficient evidence and failed to establish a nexus that any evidence of the drug transaction would be located at the appellant's residence. We disagree.

## STANDARD OF REVIEW

{¶12} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside,* 100 Ohio St.3d 152, 154–155, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. See *State v. Dunlap,* 73 Ohio St.3d 308, 314, 652 N.E.2d 988 (1995); *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. See *Burnside,* supra; *Dunlap,* supra; *State v. Long,* 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist.1998); *State v. Medcalf,* 111 Ohio App.3d 142, 675 N.E.2d 1268 (4th Dist.1996). However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. See *Burnside,* supra, citing *State v. McNamara,* 124 Ohio App.3d 706, 707 N.E.2d 539 (4th Dist.1997); See, generally, *United States v. Arvizu,* 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002); *Ornelas v. United States,* 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). That is, the application of the law to the trial court's findings of fact is subject to a *de novo* standard of review. *Ornelas, supra.* Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas,* supra at 698, 116 S.Ct. at 1663.

**ANALYSIS**

{¶13} The issue of whether an affidavit submitted with a request for a search warrant contained sufficient evidence to support a finding of probable case was addressed by this Court in *State v. Harmon,* 5th Dist. Stark No. 1997 CA 00337, 1998 WL 518520 (Apr. 13, 1998), in which the Court stated:

> To withstand constitutional scrutiny, a search warrant may only be issued upon a showing of probable cause. The standard for determining whether probable cause to believe evidence exists in a particular location is "whether, given all the circumstances set forth in the affidavit * * * there is a fair probability that contraband or evidence will be found in a particular place." *Illinois v. Gates* (1983), 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527. Our duty is "simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial courts should accord great deference to the magistrate's determination * * *." *State v. George* (1989), 45 Ohio St.3d 325, 544 N.E.2d 640, paragraph two of the syllabus.

*Id.* at 1.

{¶14} More recently, this Court addressed the sufficiency of probable cause in an affidavit submitted in support of a request for a search warrant in *State v. Marion,* 5th Dist. Coshocton No. 2022 CA 0002, 2022-Ohio-2480, in which the Court held:

> In determining the sufficiency of probable cause in an affidavit submitted for a search warrant, a trial judge or magistrate must make a

practical, common-sense decision whether, given all the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), at paragraph one of the syllabus (1980), *citing Illinois v. Gates*, 462 U.S. 213, 238–239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). As a reviewing court, we must accord great deference to the issuing judge's determination of probable cause. *See George*, at paragraph two of the syllabus. Doubtful or marginal cases should be resolved in favor of upholding the warrant. *Id.* The totality of the circumstances must be examined in determining whether probable cause existed for a search warrant. *Illinois v. Gates, supra.* "Probable cause" means only the probability and not a *prima facie* showing of criminal activity. *George, supra*, at 644. *See, also, Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964).

* * *

When oral testimony is not offered in support of a search-warrant affidavit, the magistrate determines the sufficiency by "evaluating only [the facts alleged within] the four corners of the affidavit and [applying] an objective reasonableness standard." *United States v. Richards,* 659 F.3d 527, 559 (6th Cir. 2011), fn. 11 (Moore, J., concurring in judgment only), citing *United States v. Weaver,* 99 F.3d 1372, 1378 (6th Cir. 1996). On appeal, " 'the reviewing court is concerned exclusively with the statements

contained within the affidavit itself.' " *Id.*, quoting *Weaver* at 1378. Courts have held that affiants may make reasonable inferences within search-warrant affidavits.

*Id.* at ¶¶35, 38.

**{¶15}** In the case *sub judice*, Detective Jodrey's affidavit attested to the fact that he had arranged to purchase a pound of marijuana and two ounces of cocaine from C.L.; that while surveilling C.L. detectives observed the appellant interact with C.L., go into C.L.'s home for approximately one minute, exit C.L.'s home, and enter the home next door, which law enforcement sought to search; and, that approximately one minute thereafter C.L. texted Jodrey to finalize the sale of the aforementioned drugs. Furthermore, the affidavit attested to the fact that upon his arrest, C.L. provided detectives with substantial information regarding the drug trafficking activities of his next-door neighbor, the appellant. Detectives corroborated this information, and thereafter sought the subject search warrant. The crimes for which the search warrant was sought were trafficking in drugs and possession of drugs.

**{¶16}** Based upon the information provided within the four corners of Detective Jodrey's affidavit, we find a substantial basis exists to support the finding of probable cause to issue the warrant in this case, and as such the appellant's sole assignment of error is without merit.

**CONCLUSION**

{¶17} The appellant's sole assignment of error is overruled, and the judgment of the Fairfield County Court of Common Pleas is hereby affirmed.

By: Baldwin, J.

Wise, John, P.J. and

Delaney, J. concur.